IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JEFFREY L. SIMMONS,

      Plaintiff,

      v.                                               Civil Action No. 2:08-CV-65
                                                    (Senior Judge Maxwell)

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

## **REPORT AND RECOMMENDATION**

On May 14, 2008, in conjunction with filing a Complaint against the Commissioner of Social Security, Plaintiff filed an Application to Proceed without Prepayment of Fees and Costs.[1] The Court, by order dated October 2, 2008, and after review of said application, denied Plaintiff's request to proceed in forma pauperis, reasoning that Plaintiff had sufficient disposable income, personal property, and real estate to pay the filing fee to institute this action.[2] In this Court's October 2, 2008 Order Denying Plaintiff's Motion for Leave to Proceed in forma pauperis, the Court ordered Plaintiff to pay the fees and costs associated with instituting this action within twenty days from the date of the entry of the order. The Court also informed Plaintiff therein that, failure to pay the full filing fee ($350.00) to the District Court Clerk within that time frame would result in dismissal of this civil action.

Plaintiff has not, as of this date, paid the fee in the amount of $350.00 to the District Clerk to institute this civil action.

---

[1] Doc. No. 3.

[2] Doc. No. 6.

> 28 U.S.C. § 1914(a) reads as follows:
>
> The Clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350...
>
> L.R. Gen. P. 3.01 provides the following:
>
> The Court may authorize the commencement, prosecution or defense of any civil or criminal action or proceeding, or any appeal..., without prepayment of fees and costs or security, by a person who makes an affidavit that he or she is unable to pay costs or give security as provided in 28 U.S.C. § 1915.

Plaintiff's affidavit was denied by this Court. He has failed to pay the filing fee as ordered. Therefore, this case should be dismissed.

This Court has the authority to dismiss an action for the plaintiff's failure to prosecute under Fed. R. Civ. P. 41(b) and under its inherent authority to dismiss the action *sua sponte*. See Link v. Wabash Railroad, 370 U.S. 626, S. Ct. 1386, 8 L. Ed.2d 734 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). This authority has generally been considered an inherent power and allows courts to keep their calendars free of cases that remain dormant because of the inaction or dilatoriness of the parties, thus allowing courts to achieve the orderly and expeditious disposition of cases. See Link 370 U.S. at 630.

## **RECOMMENDATION**

For the above reasons, the undersigned respectfully **RECOMMENDS** that Plaintiff's Complaint[3] be **DISMISSED** without prejudice for failure to pay the filing fee as required by 28 U.S.C. § 1914(a) and this Court's Order, dated October 2, 2008.

Any party may, within ten (10) days after being served a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of

---

[3] Doc. No. 1.

the Report and Recommendation to which objection is made, and the basis for such an objection. A copy of such objections should also be submitted to the Honorable Judge Robert E, Maxwell, United States District Judge. Failure to timely file objections to this Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to submit a copy of this Report and Recommendation to Plaintiff's counsel.

DATED: December 4, 2008

/s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE